IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DENISE L. DESCHENES, M.D.,** | : | |
| **Plaintiff,** | : | Case No. 2:07-cv-1151 |
| v. | : | Judge Holschuh |
| **THE OHIO STATE UNIVERSITY LONG TERM DISABILITY PLAN, et al.,** | : | Magistrate Judge Kemp |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION & ORDER

Plaintiff Denise Deschenes, M.D. filed suit against The Ohio State University Long Term Disability Plan, the Plan Administrator, and Hartford Life and Accident Insurance Company, alleging violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* and seeking a determination of benefits. This matter is currently before the Court on Defendants' unopposed motion to dismiss the complaint for lack of subject matter jurisdiction. (Record at 9). For the reasons stated below, that motion is granted.

**I.    Background and Procedural History**

Plaintiff, who was formerly employed as Chief of Psychiatry Counseling and Consultation Service at The Ohio State University, suffered traumatic brain injury as the result of a car accident in October of 2003. She applied for, and was approved to receive long term disability payments through The Ohio State University Long Term Disability Plan ("the Plan"), administered by The Hartford Life and Accident Insurance Company ("Hartford").

Plaintiff also filed a civil suit against the driver of the other vehicle. In January of 2007, Plaintiff informed Hartford that she had settled that lawsuit for $131,656.53. This amount was

not apportioned among the various damages she sought.  Hartford, however, attributed the entire settlement amount to loss of income for a period of 24 months.  Then, finding that her current monthly earnings exceeded 80% of her pre-disability earnings, Hartford terminated her long term disability benefits and demanded that she repay $10,259.08.  Plaintiff appealed that determination, but lost.

On November 7, 2007, Plaintiff filed this ERISA action against the Plan, the Plan Administrator, and Hartford.  In Count I, she seeks a declaration of rights and an award of benefits under 29 U.S.C. § 1132(a)(1)(B).  She alleges that Defendants acted arbitrarily and capriciously in finding that the entire settlement amount was allocated to loss of income over 24 months.  In Count II, she alleges that Defendants breached their fiduciary duties in violation of 29 U.S.C. § 1132(a)(3).  Plaintiff seeks an order declaring that there was no overpayment and that she is entitled to long term disability benefits under the Plan.  She also seeks interest, statutory penalties, costs and attorneys' fees.

On February 29, 2008, Defendants filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  They argue that this Court lacks subject matter jurisdiction because the Plan is a "governmental plan" that is excluded from the provisions of ERISA.  Plaintiff, who is represented by counsel, has failed to file a response within the time allotted by the local rules.

## II.     Standard of Review

Federal courts are not courts of general jurisdiction.  They have only the power authorized by Article III of the Constitution and conferred by acts of Congress.  <u>Bender v. Williamsport Area Sch. Dist.</u> 475 U.S. 534, 541 (1986).  Jurisdiction is a prerequisite to a court

ruling on the merits of a case. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1869).

Motions to dismiss for lack of subject-matter jurisdiction are governed by Federal Rule of Civil Procedure12(b)(1). Such challenges come in two forms: facial challenges and factual challenges. In a facial challenge, a defendant contends that, even accepting the material allegations of the complaint as true and construing them in a light most favorable to the nonmoving party, the court still lacks subject-matter jurisdiction over the claim. Singleton v. United States, 277 F.3d 864, 870 n.4 (6th Cir. 2002) (citing Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990)).

In contrast, a factual attack is "not a challenge to the sufficiency of the pleading's allegation, but a challenge to the factual existence of subject matter jurisdiction." United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994). If the moving party makes a factual attack, when determining whether subject-matter jurisdiction exists, the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Cameron v. Children's Hosp. Med. Ctr., 131 F.3d 1167, 1170 (6th Cir. 1997) (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)). "[N]o presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. In either case, the burden is on the party asserting jurisdiction to demonstrate that subject-matter jurisdiction exists. See Moir v. Greater Cleveland Reg'l Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990).

**III.     Analysis**

This case involves a facial challenge to the Court's subject matter jurisdiction. Defendants argue that the Plan at issue is a "governmental plan" that is expressly excluded from the provisions of ERISA. Hence, according to Defendants, there is no federal question and no subject matter jurisdiction.[1]

As Defendants note, ERISA does "not apply to any employee benefit plan if . . . such plan is a governmental plan (as defined in section 1002(32) of this title)." 29 U.S.C. § 1003(b)(1). A "governmental plan" is defined, in part, as "a plan established or maintained for its employees. . . by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing." 29 U.S.C. § 1002(32).

The Plan at issue falls squarely within this definition. It is maintained for employees of The Ohio State University, and covers "[a]ll Active Regular Employees who are members of the faculty or staff of the University and eligible affiliated groups working at least 50% of the hours for full-time employment." (Ex. A to Mot. to Dismiss, at p. 3). Moreover, it is undisputed that The Ohio State University is an instrumentality of the State of Ohio. See Sternberg v. Board of Trustees of Kent State Univ., 37 Ohio St. 2d 115, 117, 308 N.E.2d 457, 460 (Ohio 1974) (recognizing that a state university is an instrumentality of the state); Wolf v. Ohio State Univ. Hosp., 170 Ohio St. 49, syl. ¶ 4, 162 N.E.2d 475 (Ohio 1959) ("[t]he Ohio State University and the Ohio State University Hospital are instrumentalities of the state of Ohio"). Because the Plan is a "governmental plan," it is excluded from the scope of ERISA.

---

[1] The complaint alleges only federal question jurisdiction; there is no diversity of citizenship.

**IV.     Conclusion**

Because Plaintiff has failed to demonstrate that subject-matter jurisdiction exists, the Court **GRANTS** Defendants' unopposed motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and **DISMISSES** this case **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**


Date: April 4, 2008                                        **/s/ John D. Holschuh**
                                                           John D. Holschuh, Judge
                                                           United States District Court